UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON,<br><br>       Plaintiff,<br><br>   v.<br><br>MENTAL HEALTH OF MARIN CO., et al.,<br><br>       Defendants. | Case No. 22-cv-01618-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 9 |

On May 11, 2022, Magistrate Judge Hixson issued a Report and Recommendation in the above-captioned case. Dkt. No. 9. The plaintiff, Gerrod Herndon, first filed his complaint along with a motion for leave to proceed *in forma pauperis* on March 7, 2022. Dkt. Nos. 1, 2. However, Herndon failed to properly fill out the IFP application. The Court directed Herndon to correct the IFP application by April 14, 2022 or pay the filing fee. Dkt. No. 5. Herndon failed to respond. The Court then ordered Herndon to show cause, by May 5, 2022, why the case should not be dismissed for failure to prosecute and comply with court deadlines. Dkt. No. 8. Despite receiving proper notice that dismissal would result if he remained unresponsive, Herndon failed to respond to the Court's show-cause order. Judge Hixson thus recommends dismissal of Herndon's case without prejudice pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 9 at 1. Herndon failed to object to Judge Hixson's Report and Recommendation within 14 days after being served.

The Court agrees with Judge Hixson's Report and Recommendation. To determine whether Rule 41(b) dismissal is warranted, the courts should consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors weigh in favor of dismissal here. Herndon's complete failure to respond to two court orders is contrary to the public's interest in expeditious resolution of litigation and the court's need to manage its docket. Herndon was warned repeatedly of the sanctions that would result if he failed to respond.  And while disposition on the merits is usually favored, a "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Finally, Herndon's ongoing failure to prosecute (further evinced by a failure to oppose this Report and Recommendation) would unduly burden defendants with the costs and burdens of litigation.

The Court hereby **ADOPTS** the Report and Recommendation and **DISMISSES** the case without prejudice.

**IT IS SO ORDERED**.

Dated: May 31, 2022

_____
SUSAN ILLSTON
United States District Judge